UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-1309 CAS (JCG) | Date | March 23, 2015 |
|---|---|---|---|
| Title | *Anthony Garcia v. Nathan Williams, M.D.* | | |

| Present: The Honorable | **Jay C. Gandhi, United States Magistrate Judge** | |
|---|---|---|
| Kristee Hopkins | None Appearing | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** (IN CHAMBERS) ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE A FIRST AMENDED COMPLAINT

## I. Introduction

On June 27, 2014, plaintiff Anthony Garcia ("Plaintiff"), a California prisoner proceeding *pro se*, filed a civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983. The Complaint alleges inadequate medical treatment, in violation of Plaintiff's Eighth Amendment rights, against defendant Nathan Williams, M.D. ("Defendant"). (Compl. at 3, 5.)[1] Defendant is sued in his individual and official capacities. (*Id.* at 3.)

As currently pled, the Complaint warrants dismissal, but Plaintiff is afforded leave to amend.

## II. The Complaint's Allegations

In sum, Plaintiff alleges that Defendant, a California prison Primary Care Provider, failed to adequately treat Plaintiff's sports-related back injury. (*Id.* at 3, 24.)

According to the Complaint and its attachments, Plaintiff's injury and treatment proceeded as follows:

---

[1] For ease of reference, the Court numbers the pages in the Complaint and its attachments sequentially, from 1 to 57.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-1309 CAS (JCG) | Date | March 23, 2015 |
|---|---|---|---|
| Title | *Anthony Garcia v. Nathan Williams, M.D.* | | |

- On November 7, 2012, Plaintiff, an inmate at Ironwood State Prison, fell while playing basketball and injured his back. (*Id.* at 5, 10, 16.)
- On November 18, 2012, a nurse labeled Plaintiff's treatment needs as "urgent" and gave him crutches and non-opioid pain medication. (*Id.* at 5.)
- On November 28, 2012, Plaintiff requested x-rays, an MRI scan, and more effective pain medication. (*Id.* at 6.)
- On November 29, 2012, Plaintiff saw Defendant. (*Id.* at 6.) Defendant examined Plaintiff, prescribed him physical therapy and non-opioid pain medication, and denied his request for an MRI scan. (*Id.* at 6, 16, 18, 24.) Supposedly, Defendant told Plaintiff that he "need[ed] to be defecating and urinating on [him]self for [Defendant] to order a[n MRI scan]." (*Id.* at 6.)
- On December 3, 2012, Plaintiff received a lumbar spine x-ray, which revealed a spinal compression fracture and a spinal disk defect. (*Id.* at 6-7, 17, 24.)
- On December 12, 2012, Plaintiff again met with Defendant, who denied Plaintiff's requests for an MRI scan and opiod pain medication, and described Plaintiff's treatment as "non-surgical." (*Id.* at 6, 20, 22, 24.)
- On January 28, 2013, Plaintiff requested a second opinion and more effective pain medication. (*Id.* at 29.)
- On January 29, 2013, Plaintiff received an orthopedic consult, which revealed potential disk herniation. (*Id.* at 6, 38.)
- On January 31, 2013, the orthopedic consultant recommended that Plaintiff receive an MRI scan. (*Id.* at 6, 29, 38.) Nevertheless, Defendant refused to administer one. (*Id.* at 6.)
- On February 1, 2013, Plaintiff administratively appealed Defendant's treatment plan, and again requested an MRI scan and opiod pain medication. (*Id.* at 22.)
- On February 15, 2013, the prison's Chief Medical Executive affirmed Defendant's treatment plan. (*Id.* at 22-24.)
- On March 17, 2013, Plaintiff again requested an MRI scan and opioid pain medication. (*Id.* at 29.)
- On March 28, 2013, Plaintiff received a lumbar spine MRI scan, which revealed likely vertebral fractures. (*Id.* at 24, 31-33, 35.)
- On April 10, 2013, Plaintiff received a neurosurgery consult, which identified possible vertebral fractures. (*Id.* at 24, 35-36.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-1309 CAS (JCG) | Date | March 23, 2015 |
|---|---|---|---|
| Title | *Anthony Garcia v. Nathan Williams, M.D.* | | |

- On April 24, 2013, Plaintiff received a thoracic spine x-ray, which revealed vertebral fractures. (*Id.* at 24, 30.)
- On May 8, 2013, Plaintiff received a second lumbar spine MRI scan and was prescribed a thoracic spine MRI scan and neurosurgery consult. (*Id.* at 24-25.) Plaintiff also informed Defendant that his non-opioid pain medication was effective. (*Id.* at 24-25.)
- On May 11, 2013, Plaintiff received a thoracic MRI scan, which identified partial compression fractures. (*Id.* at 32.)
- On May 15, 2013, Plaintiff was approved for a second thoracic spine x-ray. (*Id.* at 24.)
- On May 21, 2013, Plaintiff attended a follow-up evaluation with Defendant. (*Id.*)
- On June 25, 2013, after being transferred to Calipatria State Prison, Plaintiff was seen by surgeon Dr. Kevin Yoo, who recommended that Plaintiff undergo surgery. (*Id.* at 6, 40, 54-55.) Plaintiff told Dr. Yoo that he would consider the surgery and would "get back to [him] in a few weeks." (*Id.* at 55.)
- On July 23, 2013, Plaintiff met with Dr. Yoo and requested surgery. (*Id.* at 40-41.)
- On September 17, 2013, Plaintiff met with Dr. Yoo to discuss the surgery. (*Id.* at 42.)
- On October 24, 2014, Plaintiff underwent surgery. (*Id.* at 7, 44-46.) The surgery revealed and corrected a "severe post-traumatic compression fracture" and a "thoracolumbar kyphotic deformity." (*Id.* at 44-46.)
- On or before December 12, 2013, Plaintiff contracted a delayed post-surgical infection. (*Id.* at 7, 48.)
- On December 14, 2013, Plaintiff underwent irrigation and debridement of his surgical site. (*Id.* at 48.)
- On December 21, 2013, Plaintiff was medically discharged. (*Id.* at 50-52.)

Now, Plaintiff alleges that Defendant was "the catalyst to Plaintiff's suffering." (*Id.* at 7.) Specifically, Plaintiff alleges that Defendant demonstrated "a clear and deliberate disregard to steps which could have prevented" Plaintiff's pain, surgery, surgical complications, and permanent mobility limitations. (*Id.*)

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-1309 CAS (JCG) | Date | March 23, 2015 |
|---|---|---|---|
| Title | *Anthony Garcia v. Nathan Williams, M.D.* | | |

## III.  Legal Standards

The Prison Litigation Reform Act obligates the Court to review complaints filed by all persons proceeding *in forma pauperis*, and by prisoners seeking redress from governmental entities.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A.  Under these provisions, the Court may *sua sponte* dismiss, "at any time," any prisoner civil rights action and all other *in forma pauperis* complaints which are frivolous or malicious, fail to state a claim, or seek damages from defendants who are immune.  *Id.*; *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000).

The dismissal for failure to state a claim "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  In making such a determination, a complaint's allegations must be accepted as true and construed in the light most favorable to the plaintiff.  *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1990).  However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  A claim has facial plausibility when the plaintiff pleads enough factual content to allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV.  Plaintiff Fails to State a Claim Under the Eighth Amendment

To state an Eighth Amendment claim for inadequate medical treatment, a plaintiff must prove that a defendant acted with "deliberate indifference to [his] serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  The plaintiff must first establish a "serious medical need by demonstrating that [the] failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Id.* (citation omitted).  The plaintiff must then show that the defendant's response to the medical need was deliberately indifferent. *Id*.  To show deliberate indifference, a prisoner must show (a) a purposeful act or failure to respond to the prisoner's pain or possible medical need, and (b) harm caused by the indifference. *Id*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-1309 CAS (JCG) | Date | March 23, 2015 |
|---|---|---|---|
| Title | *Anthony Garcia v. Nathan Williams, M.D.* | | |

Importantly, "[m]ere indifference, negligence, or medical malpractice" is not enough. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citation omitted). "A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established." *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997).

Additionally, "a mere difference of medical opinion" – either between a prisoner-patient and his doctor, or among a prisoner-patient's doctors – is "insufficient, as a matter of law, to establish deliberate indifference." *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (citation omitted); *see also Castle v. Parkinson*, 372 Fed. App'x 768, 769-70 (9th Cir. 2010) ("[A] difference of opinion among some of [plaintiff's] treating physicians. . . do[es] not amount to deliberate indifference."); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) ("[A] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim."). Rather, to prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment was medically unacceptable under the circumstances, and was chosen in conscious disregard of an excessive risk to the prisoner's health. *Toguchi*, 391 F.3d at 1058.

Here, Plaintiff's allegations against Defendant are minimal. First, Plaintiff alleges that, on November 29, 2012 and December 12, 2012, Defendant denied his request for an MRI scan and prescribed him only non-opioid medication. (Compl. at 6.) Second, Plaintiff alleges that, on January 31, 2013, an orthopedic consultant recommended that Plaintiff receive an MRI scan and x-ray, but Defendant issued neither. (*Id.* at 6.) Third, Plaintiff alleges that Defendant had "direct knowledge of [Plaintiff's] spinal fracture and spinal disc defect" but still determined that his treatment was "non-surgical." (*Id.* at 20.)

Such allegations are insufficient to demonstrate that Defendant ignored, let alone *intentionally* ignored, Plaintiff's medical needs. And the allegation that Defendant demonstrated "a clear and deliberate disregard to steps which could have prevented" Plaintiff's harms is simply too vague and conclusory to adequately state a claim. (*Id.* at 7); *see Iqbal*, 556 U.S. at 678.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-1309 CAS (JCG) | Date | March 23, 2015 |
|---|---|---|---|
| Title | *Anthony Garcia v. Nathan Williams, M.D.* | | |

Additionally, Plaintiff fails to adequately allege that Defendant's supposed indifference *caused* his harm. *See Jett*, 439 F.3d at 1096. Specifically, Plaintiff fails to demonstrate how his pain, surgery, surgical complications, and permanent mobility limitations are the *result* of Defendant's purposeful acts or failure to respond to Plaintiff's medical needs. Again, an allegation that Defendant was "the catalyst to Plaintiff's suffering" is too vague and conclusory to state a claim. (Compl. at 7); *see Iqbal*, 556 U.S. at 678.

Nor are these allegations sufficient to show that Defendant's chosen treatment plan – as opposed to that desired by Plaintiff, or recommended by another doctor – was medically unacceptable under the circumstances, and was chosen in conscious disregard of an excessive risk to Plaintiff's health. *See Toguchi*, 391 F.3d at 1058.

Thus, Plaintiff has failed to adequately allege deliberate indifference. If Plaintiff chooses to amend the Complaint, he must allege additional facts to support this claim.

## V.  Plaintiff Fails to State an Individual Capacity Claim Against Defendant

"In order for a person acting under color of state law to be liable under section 1983[,] there must be a showing of *personal participation* in the alleged rights deprivation: there is no respondeat superior liability under section 1983." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added); *see also Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2000).

Here, again, the allegations regarding Defendant's personal participation are minimal. (*See* Compl. at 6-7.)

Accordingly, Plaintiff has failed to state a claim against Defendant in his individual capacity. If Plaintiff chooses to amend the Complaint, he must support his claim with specific facts describing Defendant's actions, omissions, or other conduct that gave rise to the alleged rights deprivation.

## VI.  Plaintiff Fails to State an Official Capacity Claim Against Defendant

"Official-capacity damages claims against individual municipal officers are claims against the municipality itself." *Hill v. Baca*, 2010 WL 1727655, at *5 (C.D. Cal. Apr. 26, 2010); *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 n.55 (1978).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-1309 CAS (JCG) | Date | March 23, 2015 |
|---|---|---|---|
| Title | *Anthony Garcia v. Nathan Williams, M.D.* | | |

A local government entity, however, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694. Thus, a plaintiff must establish that "the action that is alleged to be unconstitutional implements or executes a policy . . . , ordinance, regulation, or decision officially adopted and promulgated by" the municipality, or that the action was "visited pursuant to a governmental 'custom[.]'" *Id.* at 690-91. In other words, a plaintiff must show that "deliberate action[,] attributable to the municipality itself[,] is the 'moving force' behind the plaintiff's deprivation of federal rights." *Board of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 400 (1997).

Here, Plaintiff has not identified any governmental policy, ordinance, or custom that was the "moving force" behind the alleged deprivation of his constitutional rights. *See Bd. of Cnty. Comm'rs*, 520 U.S. at 400. Indeed, Plaintiff fails to identify any policy, ordinance, or custom *at all* in his Complaint for any purpose.

Consequently, Plaintiff has failed to state an official capacity claim against Defendant. If Plaintiff chooses to amend the Complaint, he should not re-allege this claim unless he has a good faith belief that he can meet the standards discussed above.

## VII. Leave to File an Amended Complaint

As the Court is unable to determine whether amendment to the Complaint would be futile, leave to amend is granted in an abundance of caution. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Accordingly, **IT IS ORDERED THAT**:

1) Within **30 days of the date of this Order**, Plaintiff may submit a First Amended Complaint to cure the deficiencies discussed above. The Clerk of Court is **DIRECTED TO** mail Plaintiff a court-approved form to use for filing the First Amended Complaint. **If Plaintiff fails to use the court-approved form, the Court may strike the First Amended Complaint and dismiss this action**.

2) If Plaintiff chooses to file a First Amended Complaint, it must comply with Federal Rule of Civil Procedure 8, and contain short, plain statements explaining:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-1309 CAS (JCG) | Date | March 23, 2015 |
|---|---|---|---|
| Title | *Anthony Garcia v. Nathan Williams, M.D.* | | |

(a) the constitutional right Plaintiff believes was violated; (b) the name of the defendant who violated that right; (c) exactly what that defendant did or failed to do; (d) how the action or inaction of that defendant is connected to the violation of Plaintiff's constitutional right; and (e) what specific injury Plaintiff suffered because of that defendant's conduct. *See* Fed. R. Civ. P. 8. If Plaintiff fails to affirmatively link the conduct of Defendant with the specific injury suffered by Plaintiff, the allegation will be dismissed for failure to state a claim. Conclusory allegations that Defendant has violated a constitutional right are not acceptable and will be dismissed.

3) Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," and it must be retyped or rewritten in its entirety on the court-approved form. The First Amended Complaint may not incorporate any part of the Complaint by reference.

4) Any amended complaint supersedes the Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992). After amendment, the Court will treat the original Complaint and its attachments as nonexistent. *Id.* Any claim that was raised in the Complaint is waived if it is not raised again in the First Amended Complaint. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Any and all supporting documentation should be attached to the First Amended Complaint.

**IT IS SO ORDERED**.

cc: Parties of Record

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | kh |